IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| KIMBERLY MICHELLE WARE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| VS. | ) | No. 17-1088-STA-egb |
| STATE OF TENNESSEE, | ) | |
| Defendant. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE FOR DISMISSAL,
DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL,
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On November 17, 2017, Magistrate Judge Edward G. Bryant filed his Report and Recommendation that the *pro se* complaint filed in this matter should be dismissed *sua sponte* for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). (ECF No. 20.) As discussed in the Magistrate Judge's order,

> [i]n Plaintiff's long, rambling, nonsensical Complaint she includes an assortment of information including, but not limited to, a desire to know who killed her son, her belief that someone is stalking her, information on flowers, her pap smear results, student loan information, various names and notes on unidentified people, divorce agreement, wrongful death agreement from a previous lawsuit that her ex-husband brought on behalf of their deceased son, the history of a library computer, general information on family relationship dynamics, an array of unexplained state statues, IRS identity theft forms, and Rent-a-Center receipts. However, after a laborious deciphering of Plaintiff's notes, it seems the crux of Plaintiff's Complaint surrounds her belief that the State of Tennessee has "tried through some military type kind of deal to slowing smother [her] out in any type of living arrangement." Plaintiff alleges that Tennessee is attempting to "smother" her through various pollutants or chemical agents.

(Rep. & Rec. p. 3, ECF No. 20.) Magistrate Judge Bryant recommended that the complaint be dismissed because the State of Tennessee is not a "person" for the purpose of being sued under 42 U.S.C. § 1983.

Seventeen days later, on December 14, 2017, the Court adopted the Report and Recommendation, noting that no objections had been filed (ECF No. 21), and judgment was entered. (ECF No. 23.) The Court inadvertently overlooked the fact that Plaintiff had filed objections that same day. (ECF No. 22.) Subsequently, the Court of Appeals found that this Court "erroneously determined that Ware did not file timely objections to the magistrate judge's report" and vacated the judgment and remanded the action for consideration of Plaintiff's objections. (ECF No. 26.) The Court will consider those objections after looking at Plaintiff's motion for appointment of counsel. (ECF No. 28.)

## Motion for Appointment of Counsel

Plaintiff has asked the Court to appoint an attorney to represent her in this matter. As grounds for the relief sought, she states that she cannot afford an attorney and that her health has declined "somewhat." (*Id.* p. 1.)

There exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is ... a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). The appointment of counsel is justified only by exceptional circumstances. *See Lavado v. Keohane*, 992 F.2d 601, 604–07 (6th Cir. 1993). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.'" *Id.* at 606 (citations omitted). Appointment of counsel "is not appropriate

when a pro se litigant's claims are frivolous, *Henry v. City of Detroit Manpower Dep't*, 739 F.2d 1109, 1119 (6th Cir. 1984), or when the chances of success are extremely slim." *Id.*

In the present case, Plaintiff has presented no exceptional circumstances that would warrant the appointment of counsel. If lack of financial resources was the standard for the appointment of counsel, then all indigent litigants would be so entitled. Additionally, Plaintiff has not explained how her "somewhat" declining health justifies the appointment of counsel. Moreover, her "chances of success are extremely slim." Consequently, the motion for appointment of counsel is denied.

## Objections

If a party objects within the allotted time to a Report and Recommendation, as did Plaintiff, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b). Parties must file specific objections. "[T]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Because a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object," *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991), to the extent that Plaintiff has made "vague, general, or conclusory objections," such as recitations from previous pleadings, those objections are waived, and the Court will consider only the portions of the Report and Recommendation to which Plaintiff has made specific objections.[1]

---

[1] Most, if not all, of Plaintiff's objections are "vague, general, or conclusory."

Plaintiff has filed eighteen pages of objections, which include several blank pages, the administrative order concerning issuance of service in non-prisoner paid pro se complaints,[2] a list of cases, a list of names of individuals and businesses (including media outlets) and their contact information, and approximately five pages that, in some form, address Plaintiff's objections to the Report and Recommendation.

For the most part, in those five pages, Plaintiff reiterates allegations she made in her complaint about her ex-husband and misrepresentations he made about her in another court proceeding, her concern for her son's whereabouts and not being "satisfied" with what an unnamed warden at an unnamed prison told her, and the effect that the housing in Jackson, Tennessee, has had on her health, including the use of crack cocaine on rental property owned by HUD.[3] She also contends that she is a victim of identity theft. According to Plaintiff, some kind of "smothering effect is happening" which is purportedly evidenced by her photo. Plaintiff states that she has a right to stand up for justice for herself and her children, her sanity should not be questioned, "God is for the just and unjust, until proven guilty," and Magistrate Judge Bryant should have given her an opportunity to explain each claim. However, she has pointed to no law or facts to show that Magistrate Judge Bryant was inaccurate in finding that her claims are against the State and cannot be brought under § 1983.

The Court has reviewed the allegations of the complaint, the Report and Recommendation, and Plaintiff's objections and finds that the Magistrate Judge correctly applied the applicable law to Plaintiff's claims. Thus, the Court adopts the recommendation that all claims be dismissed *sua sponte*.

---

[2] Plaintiff was granted *in forma pauperis* status on May 15, 2017. (ECF No. 6.)

[3] It appears that Plaintiff's claims may be barred by the one year statute of limitations for § 1983 claims as Plaintiff states that the events giving rise to her claims occurred "years ago." However, the Court does not base its ruling on the statute of limitations.

Summary and Conclusion

Because Magistrate Judge Bryant correctly determined that this matter should be dismissed *sua sponte*, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED**. Plaintiff's motion for appointment of counsel is **DENIED**.

Appellate Issues

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that the complaint should be dismissed *sua sponte* but the action has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint *sua* sponte also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore,

**DENIED**.  Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[4]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  June 29, 2018

---

[4]  Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court.  A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit.  Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.